IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| BLUEJAY LAWN & LANDSCAPE, L.L.C., | ) | |
| | ) | CASE NO. BK06-80874 |
| Debtor(s). | ) | A06-8104 |
| BLUEJAY LAWN & LANDSCAPE, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | CH. 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| MUTUAL FIRST FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil.#9) and resistance by the defendant (Fil. #14). Doug Quinn represents the debtor, and Joel Carney represents the defendant. The motion was taken under advisement as submitted without oral arguments.

The debtor filed this lawsuit to subordinate or avoid Mutual First Federal Credit Union's security interests in three of the debtor's vehicles because the credit union allegedly failed to properly perfect its liens. In opposition, the defendant believes it should be granted an equitable lien on the property superior to the debtor's interest, based on the debtor's allegedly inequitable conduct.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004).

In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record. Widoe v. District No. 111 Otoe County Sch., 147 F.3d 726, 728 (8th Cir. 1998); Ghane v. West, 148 F.3d 979, 981 (8th Cir. 1998). A summary judgment motion should be interpreted by the court to dispose of factually unsupported claims and defenses. Tiffey v. Speck Enter., Ltd., 418 F. Supp. 2d 1120, 1123 (S.D. Iowa 2006).

The court's role is simply to determine whether the evidence in the case presents a sufficient dispute to place before the trier of fact.

> At the summary judgment stage, the court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter. Rather, the court's function is to determine whether a dispute about a material fact is genuine. . . . If reasonable minds could differ as to the import of the evidence, summary judgment is inappropriate.

Quick v. Donaldson Co., Inc., 90 F.3d 1372, 1376-77 (8th Cir. 1996) (internal citations omitted). See also Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999) (on summary judgment, court's function is not to weigh evidence to determine truth of any factual issue); Mathews v. Trilogy Commc'n, Inc., 143 F.3d 1160, 1163 (8th Cir. 1998) ("When evaluating a motion for summary judgment, we must . . . refrain from assessing credibility.").

The parties agree that in October 2004, Bluejay Lawn & Landscaping executed a security agreement granting a security interest in three vehicles to Mutual First Federal Credit Union. The parties also agree that the certificates of title on the vehicles do not reflect the credit union's lien. The dispute is as to why the liens are not noted on the title certificates.

In Nebraska, the only way to perfect a lien on a motor vehicle not held by a dealer is by causing a certificate of title for the vehicle to be issued with the lien noted thereon. Neb. Rev. Stat. Ann. § 60-164(1). The lien then becomes valid as against subsequent lienholders. Neb. Rev. Stat. Ann. § 60-164(1) and (2). Under the Bankruptcy Code, the trustee or debtor-in-possession attains the status of a hypothetical levying creditor who gets a judicial lien on the petition date. 11 U.S.C. §§ 544(a)(1), 1107(a). Because the credit union's unperfected security interests on the vehicles are subject to the rights of a lien creditor, the debtor-in-possession may avoid the credit union's interest under § 544.

However, the credit union asserts that actions by the debtor precluded the credit union from noting its lien on the vehicle titles. Specifically, the credit union explains via affidavit that the vehicles were previously leased and as part of the debtor's financial restructuring of its vehicle fleet, the credit union paid off the leases at the time it took the security interests. The credit union noted its liens on the title certificates received from the previous owner, but because the ownership of the vehicles changed from the lessor to the debtor as a result of the lease payoff, the debtor was responsible for paying sales tax and registering and licensing the vehicles with the county treasurer. The debtor's representatives first told the credit union the debtor could not afford to pay the sales taxes and license and registration fees in late 2004, but expected to be able to so in early 2005. In early 2005, the debtor's representatives told the loan officer that the original titles had been lost, so the credit union helped the debtor obtain duplicate titles, but the subsequent steps to license the vehicles were not completed. In early 2006, the credit union and the loan officer worked toward getting some of the debtor's administrative and tax problems rectified and, to that end, obtained a second set of duplicate titles. The bankruptcy case was filed in June 2006, with the credit union's

liens still not reflected on the vehicle titles.

      The credit union offers as a defense to the summary judgment motion the alleged false representations and inequitable conduct on the part of the debtor which prevented the credit union from taking the steps necessary to protect its security interest. The credit union suggests that the debtor did not ever intend to properly license the vehicles and acknowledge the credit union's liens. Questions involving a person's state of mind are generally factual issues inappropriate for resolution by summary judgment. <u>Auto Mart, Inc. v. Wendt (In re Wendt)</u>, 355 B.R. 769, 771-72 (Bankr. W.D. Mo. 2006). Therefore, the motion will be denied and trial will be scheduled. While the debtor's conduct and representations in this matter will be discussed at trial, the credit union's position that only the debtor – and not the credit union – could take care of the titling requirements will also be subject to inquiry.

      IT IS ORDERED: The plaintiff's motion for summary judgment (Fil.#9) is denied.

DATED:     March 9, 2007

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Doug Quinn
    Joel Carney
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.